# Jacob Greenwalt assignee of William M. Sterret *against* John Born and Samuel Ensminger.

Defendant on the plea of payment to a bond, must specify the particulars of the defence as to want of consideration, fraud, &c. if required by the plaintiff or he shall be precluded from giving the same in evidence.

Where two conveyances are made for two tracts of land on the same day and one bond taken for the consideration, and the contract for one of the tracts is rescinded for defect of title, it lies on the vendee to show some circumstances proving that he would not have bought the one without the other tract, in order to vacate the contract for the other tract.

DEBT 450l. sur bond conditioned for the payment of 225l. on the 1st June 1798, the consideration of two tracts of land.

Plea payment, with leave to give the special matter in evidence.

The defendant's specification was general, that the title of the lands sold by Sterret to Born was not good.

It appeared in evidence, that on the 10th November 1797, Sterret executed two conveyances to Born, the first in consideration of 150l. for 407 acres and allowance, in Beaver-dam township, *Northumberland county, surveyed to John Hassinger, jun. under a warrant dated 21st January 1793, who conveyed the same to Sterret; the second in consideration of 75l. for 146¼ acres and allowance in the same township and county, surveyed to Henry Gross, under a warrant dated         and returned into the surveyor general's office on the 27th September 1786, and which became vested in the said Sterret.

*7]

Mr. Hopkins, *pro def.* then offered to show in evidence the deposition of William Harris, taken under a rule of court on due notice given, proving that 190 acres and 88 perches part of the 407 acres tract, were legally vested in Samuel Jeffries, under a warrant dated 28th April 1774, surveyed on the 26th August 1774, and in Mary Beard, under a warrant dated 11th July 1767, and surveyed on the 30th June 1768.

To this deposition Mr. Charles Smith for the plaintiff, objected, and shewed a written notice which had been served on the defendant's attorney, requiring a production of all deeds,

[Greenwalt, assignee, *v.* Born et al.]

papers and affidavits, and the particulars of the special matters meant to be insisted on, dated 17th January 1799, and a second notice of the same kind, dated 2d March 1799, requiring a specification of the objections to the title conveyed, and notice of the adverse titles opposed thereto, that the plaintiff might answer the same.

He admitted, that the different deeds and affidavits received by Born from Sterret had been produced to him in consequence of his notices, but insisted, that these papers did not furnish him with any information respecting the adverse title, and consequently he could not know what he was to repel.

On the part of the defendants, it was said, that every information had been given which rested in their possession; that had the plaintiff attended the taking of the deposition in dispute on the 10th March last, he would have known every minute particular of the defence from the oath of the surveyor who had traced the different lines, and that the deposition when received could not be furnished to the plaintiff's attorney, who was then attending the Supreme Court in Bank.

By THE COURT. The object of the 39th rule of the Supreme Court, (which is pursued by the 29th rule of this court,) was calculated to prevent surprise at the trial, on the general plea of payment. These specifications under the rule, we know to be sometimes very general. But wherever the plaintiff requires *the defendant to go into the particulars of his defence, as [*8 to want of consideration, fraud, falsehood, or a suppression of the truth, he is bound to do it, otherwise the spirit of the rule is eluded. In general cases between obligor and obligee, the same detail may not be necessary as on specialties assigned, where the assignee is a stranger to the original transactions. Under the present circumstances, we cannot direct the deposition to be now read, because from the papers shown to the plaintiff's attorney, he could not collect the defence meant to be set up. If he had not been absent in Philadelphia, the deposition of Harris might have been shown to him for his information.

To prevent injustice in this case, we have adopted this expedient. Let the plaintiff's attorney examine the deposition, and see whether by gaining time, he can probably repel the adverse titles; if he thinks that he can, we will either adjourn the trial or discharge the jury, at his election; but should he be of a different opinion, it can answer no purpose to postpone the hearing.

It was hereupon agreed that the special matters should be laid before the jury, and the cause to proceed.

On the evidence being gone through, it was admitted, that the contract as to the larger tract should be rescinded; and it was then urged by the defendants that this should be extended to the smaller tract, lying about 12 miles distance from the for-

[Baughman *v.* Divler.]

mer, the conveyances being executed on the same day, and one bond given for both.

*Sed per cur.* The *onus probandi* lies on the defendants, to shew some circumstances inducing a reasonable presumption that Born would not have bought the smaller tract, unless the larger could also be procured, such as, that the 407 acres were dependent on the 146¾ acres for wood, water, &c. The distance between them precludes this idea. The contracts for each tract are distinct, and nothing is shewn to impeach the title to the 146¾ acres.

It was at length agreed that a verdict should be given for the plaintiff for 62l. 14s., after deducting 50 dollars indorsed on the bond paid, and that Born should release his right to the plaintiff for the tract containing 407 acres.